IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEREK L. SIMMS, #266 549          :

    Plaintiff                :

    v.                       : CIVIL ACTION NO. AMD 02-3594

GLAXOSMITHKLINE                   :

    Defendant                :

## MEMORANDUM

Plaintiff, Derek Simms, is an inmate incarcerated at the Western Correctional Institution in Cumberland, Maryland. He filed this action on September 6, 2001, in the United States District Court for the Eastern District of Pennsylvania. In his complaint, Simms alleged a violation of his right to equal protection under the Fourteenth Amendment, as well as a violation of the right to be free from cruel and unusual punishment under the Eighth Amendment. According to Plaintiff, SmithKline Beecham Pharmaceuticals, now known as GlaxoSmithKline, failed to disclose certain side-effects associated with a medication it manufactures -- Paxil, an FDA-approved medication indicated for, among other things, the treatment of depression, panic disorder, obsessive/compulsive disorder and other medical conditions. Plaintiff had been prescribed Paxil during his incarceration; he alleges he suffered injury as a result of Defendant's failure to make unspecified disclosures.

On December 6, 2001, the United States District Court for the Eastern District of Pennsylvania dismissed Plaintiff's Fourteenth and Eighth Amendment claims as legally frivolous and dismissed his remaining claim-- a product liability claim under state law-- without prejudice for lack of subject matter jurisdiction. The court granted Plaintiff leave to amend his complaint in the event federal jurisdiction existed under the diversity of citizenship statute, 28 U.S.C. § 1332. On

December 21, 2001, Simms filed an amended complaint as directed indicating that he is a citizen of Maryland and Defendant is a citizen of Pennsylvania. On March 8, 2002, finding that Plaintiff had alleged sufficient facts to establish diversity of citizenship under § 1332, the court in Pennsylvania directed service of the complaint, as amended, on Defendant. Defendant filed its answer to the complaint on August 15, 2002.

Simms filed a motion for summary judgment on August 29, 2002, together with a request for appointment of counsel. Defendant opposed the motion for summary judgment and the request for appointment of counsel. The Pennsylvania court denied the motion for summary judgment on September 10, 2002, noting that it was filed prior to any discovery. Plaintiff then filed a formal motion for appointment of counsel on September 26, 2002. On September 27, 2002, the Pennsylvania court determined that transfer of the case to this court was appropriate on the ground that "[Plaintiff] is incarcerated at Western Correctional Institution, Cumberland, Maryland, and could be transferred by the institution to that Court, whereas he could not be transferred from the Institution to the United States District Court for the Eastern District of Pennsylvania . . . ."

Thus, the current status of this case is that an indigent prisoner is not alleging a violation of his rights under the federal constitution or a federal statute, but rather, is alleging a claim for compensatory damages that is indistinguishable from those brought by non-prisoners in ordinary civil litigation. Manifestly, products liability cases are often complex, and are certainly the sort of cases ordinarily handled by private lawyers on a negotiated/contingency fee basis. Furthermore, products liability cases require investigation into the nature and source of the alleged defect, development of proof of general and specific causation, and consequential injuries. All or most of such issues are normally matters requiring expert witnesses. While Plaintiff may be a strong advocate for his own position, obviously, the fact of his incarceration imposes severe limitations,

to say the least, on his ability to investigate and develop facts necessary to the successful prosecution of this lawsuit.

Not surprisingly, then, Plaintiff has filed a request for counsel. Under 28 U.S.C. § 1915(a), the court may appoint an attorney to represent an indigent inmate whether or not the case involves a federal question. Nevertheless, the decision to appoint counsel in a potentially complex products liability case, in contrast to a case involving an alleged denial of the fundamental federal civil rights enjoyed by inmates, is evaluated differently. *See Bowman v. White*, 388 F.2d 756, (4th Cir.) ("While [section 1915(a)], by its terms, authorizes the court to request an attorney to represent an indigent in a civil action, it is, as is the privilege of proceeding in *forma pauperis*, a matter within the discretion of the District Court. It is a privilege and not a right."), *cert. denied*, 393 U.S. 891 (1968). A principal reason is the economic value associated with personal injury claims, which makes meritorious claims attractive to attorneys without the need for judicial intervention. Admittedly, Plaintiff's current status as an incarcerated person marginally lessens the likelihood of his ability to obtain representation on a contingency basis compared to a non-prisoner in the same position. Still, there is scant reason that an inmate with a truly meritorious personal injury claim could not find a capable lawyer to represent him; alternatively, Plaintiff may pursue representation for his claim upon his release. Either way, if an attorney did not wish to take the claim because it appeared unlikely to succeed, or, even if the outcome were successful, recovery of damages would not outweigh the cost of prosecuting the case, there does not appear to be any justification for the court to intervene and require an attorney to proceed with litigation of this action.

To be sure, in a case of this nature, the assistance of counsel would help the proceedings to progress smoothly. Nevertheless, in dealing with the allocation of a finite resource, and given the nature of this claim and the options available to Simms in retaining his own representation for this

type of case, the court will not exercise its authority to appoint an attorney to represent Plaintiff in the prosecution of his private cause of action for damages for personal injuries, which as a matter of fact and law has little or nothing to do with Plaintiff's status as an inmate in a state correctional institution.

In view of the foregoing, the court concludes that this action shall be stayed and administratively closed until Simms notifies the court that he has obtained representation in this matter, or, in the alternative, upon his release from custody.* Even if Plaintiff is unable to retain counsel upon his release from prison, he will, at that time, be in a better position to manage a case of this nature without the restraints naturally flowing from the fact of incarceration. Of course, the statute of limitations will be tolled during the period that the case is stayed, and Simms will suffer no prejudice. To the contrary, for Simms to attempt to litigate this case while he is unrepresented and incarcerated will surely be a pointless exercise that is all but certain to result is an adverse outcome for Simms. This is a weighty consideration, particularly inasmuch as at least some litigants have prevailed in their claims that Paxil causes severe adverse consequences to some users. *See, e.g., Tobin v. Smithkline Beecham Pharm.*, 164 F.Supp.2d 1278 (D.Wyo. 2001)(upholding jury award of $6 million dollars in products liability case against manufacturer of Paxil); *see id.* at 1283 ("[Plaintiff's expert] testified that Paxil can cause some patients to become homicidal or suicidal . . . .").

The court is certainly mindful of the interests that must be weighed in issuing the stay in this instance. *See generally Muhammad v. Warden*, 849 F.2d 107 (4th Cir. 1988)(discussing factors that

---

*According to the Maryland Division of Correction, Plaintiff's current expected release date is October 28, 2005. He is serving a ten year sentence imposed on him by the Circuit Court for Dorchester County, Maryland on July 2, 1997, to be followed by a consecutive sentence of 18 months.

must be considered in ordering a stay of an inmate's lawsuit). In sum, the court is keenly aware that Plaintiff's case raises no claim of constitutional magnitude or federal statutory violation, but rather, asserts a state tort claim of the type that private attorneys handle routinely and profitably and that Plaintiff will better be able to prosecute this matter *pro se* upon his release from prison (in the not too distant future) even if he is unable to secure the assistance of counsel.

An Order follows.

Filed: November 21, 2002

_____
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE